UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **DHI HOLDINGS, LP** § § § | |
| Plaintiff, § § | |
| v. § § | Civil Action No. 4:25-cv-00518 |
| **U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE OF FIDELITY & GUARANTY LIFE MORTGAGE TRUST 2018-1; AND FAY SERVICING, LLC** § § § § § § § § § § | |
| Defendants. § § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f) OF FEDERAL RULES OF CIVIL PROCEDURE**

Pursuant to the Court's Order for Conference and Disclosure of Interested Parties (Doc. No. 10), Plaintiff DHI Holdings, LP (collectively, "DHI") and Defendants U.S. Bank Trust National Association, Not in its Individual Capacity But Solely as Trustee of Fidelity & Guaranty Life Mortgage Trust 2018-1 ("U.S. Bank") and Fay Servicing, LLC ("Fay Servicing") (collectively, "Defendants") file this Joint Discovery/Case Management Plan.

**1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

The parties conducted a Rule 26(f) conference on April 18, 2025 via email. Breayne J. Bennett attended for Plaintiffs. Helen O. Turner attended for Defendants.

**2. List the cases related to this one that are pending in any state or federal court with the case number and court.**

None.

**3.     Specify the allegation of federal jurisdiction.**

Defendants removed the lawsuit to federal court pursuant to diversity jurisdiction under 28 U.S.C. § 1332(a).

**4.     Name the parties who disagree and the reasons.**

None.

**5.     List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

The parties do not anticipate any additional parties being named.

**6.     List anticipated interventions.**

There are no anticipated interventions at this time.

**7.     Describe class-action issues.**

There are no class-action issues at this time.

**8.     State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

Plaintiffs will serve their Rule 26(a) initial disclosures to Defendants on or before May 16, 2025. Defendants will serve their Rule 26(a) initial disclosures on or before May 16, 2025.

**9.     Describe the proposed agreed discovery plan, including:**

   **A.     Responses to all the matters raised in Rule 26(f).**

   **26(f)(3)(A): What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.**

The parties would like to change the deadline to serve initial disclosures to May 16, 2025. The parties do not request any changes to the form or requirement for disclosure under Rule 26(a).

   **26(f)(3)(B): The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

Discovery, if necessary, will be needed as to matters relevant to all issues presented in this suit. There is no need to conduct discovery in phases.

**26(f)(3)(C): Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

Any disclosure or discovery of electronic files should be produced in printed form or PDF. All parties wish to serve discovery requests and responses exclusively by email.

**26(f)(3)(D): Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

There is no need to resolve issues of privilege at this time. If any claims of privilege arise, they should be asserted during the course of production.

**26(f)(3)(E): What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

There should be no changes to the limitations on discovery under either the federal or local rules.

**26(f)(3)(F): Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

It is not anticipated that any orders under Rule 26(c) or 16(b) or (c) should be issued at this time.

**B.     When and to whom the plaintiff anticipates it may send interrogatories.**

Plaintiff anticipates it may send interrogatories to Defendants or any other interested party before the end of the discovery period, proposed to be December 12, 2025. Plaintiff reserves the right to amend before the close of discovery.

**C.     When and to whom the defendant anticipates it may send interrogatories.**

Defendants anticipate they may send interrogatories to Plaintiff or any other interest party before the end of the discovery period, proposed to be December 12, 2025. Defendants reserve the right to amend before the close of discovery.

**D.     Of whom and by when the plaintiff anticipates taking oral depositions.**

Plaintiff anticipates taking depositions of corporate representatives of Defendants and any fact witnesses before the end of the discovery period, proposed to be December 12, 2025.

**E.     Of whom and by when the defendant anticipates taking oral depositions.**

Defendants anticipate taking the depositions of Plaintiff and any fact witnesses before the discovery cut-off date, proposed to be December 12, 2025.

> **F.** **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

The parties do not, at this time, anticipate designating any experts besides experts on attorneys' fees. The parties agree to submit all attorneys' fee issues to the Court after liability and damages are resolved.

> **G.** **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Plaintiff will depose any of Defendants' experts on any issues, if any, before the end of the discovery period, proposed to be December 12, 2025.

> **H.** **List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (export report).**

Defendants will depose any of Plaintiff's experts on any issues, if any, before the end of the discovery period, proposed to be December 12, 2025.

**10.** **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

None.

**11.** **Specify the discovery beyond initial disclosures that has been undertaken to date.**

None.

**12.** **State the date the planned discovery can reasonably be completed.**

The parties believe discovery can reasonably be completed by December 12, 2025.

**13.** **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

The parties have engaged in and continue to engage in settlement negotiations to reach a mutually satisfactory resolution of this matter.

**14.** **Describe what each party has done or agreed to do to bring about a prompt resolution.**

The parties have agreed to continue engaging in settlement negotiations and will make every effort to reach a mutually satisfactory resolution of this matter.

15. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable.**

    If the Court believes that it is in the best interest of the parties, Plaintiff and Defendants will consent to mediation in an effort to settle this matter after the parties have had a reasonable time to conduct discovery and after all informal settlement discussions have concluded.

16. **Magistrate judges may now hear jury and non−jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    The parties do not consent to trial before a magistrate judge.

17. **State whether a jury demand has been made and if it was made on time.**

    Yes, a timely jury demand was made on November 26, 2024.

18. **Specify the number of hours it will take to present the evidence in this case.**

    Plaintiffs anticipate that it will take them approximately 4 to 6 hours to present evidence. Defendants anticipate that it will take them approximately 4 to 6 hours to present evidence.

19. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    None.

20. **List other motions pending.**

    Defendant, U.S. Bank as Trustee, filed a Motion to Dismiss (Doc. #4) on February 7, 2025. Plaintiff filed its Response to in Opposition to Defendants' Motion (Doc. 12) on February 28, 2025.

21. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

    Brandon Mendenhall guaranteed the commercial promissory notes for Plaintiff in this case and another entity named RAD Diversified REIT, Inc. in other pending cases. The cases currently pending in the Southern District of Texas – Houston Division include: (1) Civil Action No. 4:24-cv-03914, (2) Civil Action No. 4:25-cv-00254, and (3) Civil Action No. 4:25-01191. The case currently pending in a Harris County District Court is (4) Cause No. 2024-83279. The Parties continue to engage in good faith discussions regarding the potential for settlement. This case is one of the several pending matters between Plaintiff (or affiliates of Plaintiff) and Defendant Fay Servicing, LLC involving foreclosure-related disputes concerning residential investment properties. The Parties are optimistic about the possibility of a global settlement that would resolve this case along with the other actions. While a global resolution has not yet materialized due to the differing investors involved, progress has been made: some of the other related cases have been resolved. The parties remain hopeful that a global settlement can still be achieved, or alternatively, that this individual case may be resolved through further negotiations. In the meantime, the parties

continue to confer regarding discovery and are committed to working cooperatively toward a resolution.

**23.    List the names, bar numbers, addresses, and telephone numbers of all counsel.**

| *Attorney for Defendants* | *Attorneys for Plaintiff* |
|---|---|
| **Robert T. Mowrey – Attorney-in-Charge**<br>Texas Bar No. 14607500<br>S.D. Texas Bar No. 9529<br>rob.mowrey@troutman.com<br>Matthew K. Hansen<br>Texas Bar No. 24065368<br>S.D. Texas Bar No. 1046257<br>matt.hansen@troutman.com<br>TROUTMAN PEPPER LOCKE LLP<br>2200 Ross Avenue, Suite 2800<br>Dallas, Texas 75201-2750<br>Telephone: (214) 740-8000<br>Facsimile: (214) 740-8800<br><br>Helen O. Turner<br>Texas Bar No. 24094229<br>S.D. Texas Bar No. 2924121<br>helen.turner@troutman.com<br>TROUTMAN PEPPER LOCKE LLP 600 Travis Street, Suite 2800<br>Houston, Texas 77002<br>Telephone: (713) 226-1280<br>Facsimile: (713) 229-2501 | **Jeffrey C. Jackson - Attorney-in-Charge**<br>Texas Bar No. 24065485<br>S. D. Texas No. 1024221<br>jeff@jjacksonpllc.com<br>Breayne J. Bennett<br>Texas Bar No. 24111049<br>S.D. Texas No. 3873331<br>breayne@jjacksonpllc.com<br>JEFFREY JACKSON & ASSOCIATES, PLLC<br>11767 Katy Freeway, Suite 813<br>Houston, Texas 77079<br>Telephone: (713) 861-8833<br>Facsimile: (713) 682-8866 |

Respectfully submitted,

04/21/2025  
Date

/s/ *Jeffrey C. Jackson*  
Jeffrey C. Jackson  
SBOT #24065485  
S.D. Texas Bar No. 1024221  
jeff@jacksonpllc.com  
JEFFREY C. JACKSON & ASSOCIATES, PLLC  
11767 Katy Fwy., Ste. 813,  
Houston, Texas 77079  
Tel. 713-861-8833  
Fax. 713-682-8866  

COUNSEL FOR PLAINTIFF

| | |
|---|---|
| <u>04/21/2025</u><br>Date | /s/ *Helen O. Turner*<br>Robert T. Mowrey<br>Texas Bar No. 14607500<br>S.D. Texas Bar No. 9529<br>rmowrey@troutman.com<br>Matthew K. Hansen<br>Texas Bar No. 24065368<br>S.D. Texas Bar No. 1046257<br>mkhansen@troutman.com<br>TROUTMAN PEPPER LOCKE LLP<br>2200 Ross Avenue, Suite 2800<br>Dallas, Texas 75201-2750<br>Telephone: (214) 740-8000<br>Facsimile: (214) 740-8800<br><br>Helen O. Turner<br>Texas Bar No. 24094229<br>S.D. Texas Bar No. 2924121<br>helen.turner@troutman.com<br>TROUTMAN PEPPER LOCKE LLP<br>600 Travis Street, Suite 2800<br>Houston, Texas 77002<br>Telephone: (713) 226-1280<br>Facsimile: (713) 229-2501<br><br>COUNSEL FOR DEFENDANTS |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served as indicated on this 18th day of April, 2025, to the following:

**Robert T. Mowrey – Attorney-in-Charge**
Texas Bar No. 14607500
S.D. Texas Bar No. 9529
rob.mowrey@troutman.com
**Matthew K. Hansen**
Texas Bar No. 24065368
S.D. Texas Bar No. 1046257
matt.hansen@troutman.com
TROUTMAN PEPPER LOCKE LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-2750
Telephone: (214) 740-8000
Facsimile: (214) 740-8800

**Helen O. Turner**
Texas Bar No. 24094229
S.D. Texas Bar No. 2924121
helen.turner@troutman.com
TROUTMAN PEPPER LOCKE LLP
600 Travis Street, Suite 2800
Houston, Texas 77002
Telephone: (713) 226-1280
Facsimile: (713) 229-2501

**COUNSEL FOR DEFENDANTS**

>  */s/ Jeffrey C. Jackson*
>  **Jeffrey C. Jackson**